IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOPE MEDICAL ENTERPRISES, INC., d/b/a Hope Pharmaceuticals,<br><br>        Plaintiff,<br><br>    v.<br><br>ACCORD HEALTHCARE, INC.,<br><br>        Defendant. | C.A. No. 1:25-cv-00860-UNA |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hope Medical Enterprises, Inc., d/b/a Hope Pharmaceuticals ("Hope" or "Plaintiff"), by its attorneys, brings this complaint against Defendant Accord Healthcare, Inc. ("Accord" or "Defendant"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, et seq., that arises out of Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a purported generic version of Hope's Sodium Thiosulfate Injection, 250 mg/mL, prior to the expiration of U.S. Patent No. 12,304,813 (the "'813 patent").

**PARTIES**

2.      Plaintiff Hope is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 16416 N. 92nd Street #125, Scottsdale, AZ 85260.

3. On information and belief, Intas Pharmaceuticals Ltd. ("Intas") is a corporation organized and existing under the laws of India, having a principal place of business at Near Sola Bridge, Sarkhej – Gandhinagar Highway, Thaltej, Ahmedabad, Gujarat 380054, India. On information and belief, Intas is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

4. On information and belief, Defendant Accord is a wholly owned subsidiary of Intas, and is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 8041 Arco Corporate Drive, Suite 200, Raleigh, NC 27617. On information and belief, Accord is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

## HOPE'S SODIUM THIOSULFATE DRUG PRODUCT

5. Hope is the holder of New Drug Application ("NDA") No. 203923, under which the FDA approved the commercial marketing of Hope's Sodium Thiosulfate Injection, 250 mg/mL ("Hope's NDA Product" or "the NDA Product") on February 14, 2012, under Section 505(b) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(a), for sequential use with sodium nitrite for the treatment of acute cyanide poisoning that is judged to be serious or life-threatening. Hope commenced commercial sales of its Sodium Thiosulfate Injection for this indication in 2012 and it is marketed in the United States for sequential use with sodium nitrite and sold either as a standalone injection or as part of Hope's Nithiodote® kits (in combination with a sodium nitrite injection).

6. Hope's NDA Product is covered by one or more claims of the '813 patent, among others. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, these patents have been

listed in connection with NDA No. 203923 in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book").

## ACCORD'S ANDA AND NOTICES OF PARAGRAPH IV CERTIFICATION

7. By a letter dated June 13, 2022, (the "First Accord Notice Letter"), Accord notified Plaintiff that Defendant had submitted to the FDA ANDA No. 217214 ("Accord's ANDA") describing a purported generic version of a sodium thiosulfate injection USP, 12.5 grams/50 mL (250 mg/mL) single-dose vial ("Accord ANDA Product"). The First Accord Notice Letter indicated that Defendant seeks FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Accord ANDA Product in or into the United States, including Delaware, prior to the expiration of U.S. Patent Nos. 8,496,973; 9,345,724; and 9,585,912.

8. By a letter dated October 12, 2023, (the "Second Accord Notice Letter"), Accord notified Plaintiff that Defendant had submitted to the FDA Accord's ANDA describing a purported generic version of a sodium thiosulfate injection USP, 12.5 grams/50 mL (250 mg/mL) single-dose vial. The Second Accord Notice Letter indicated that Defendant seeks FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Accord ANDA Product in or into the United States, including Delaware, prior to the expiration of U.S. Patent No. 11,753,301.

9. By a letter dated May 28, 2025, (the "Third Accord Notice Letter"), Accord notified Plaintiff that Defendant had submitted to the FDA Accord's ANDA describing a purported generic version of a sodium thiosulfate injection USP, 12.5 grams/50 mL (250 mg/mL) single-dose vial. The Third Accord Notice Letter indicated that Defendant seeks FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Accord ANDA Product in or into the United States, including Delaware, prior to the expiration of the '813 patent.

10. On information and belief, Defendant knows and intends that upon approval of Accord's ANDA, Defendant will manufacture, promote, market, sell, offer for sale, import, use, and/or distribute the Accord ANDA Product throughout the United States, including in Delaware.

11. On information and belief, Defendant has submitted or caused the submission of Accord's ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of the Accord ANDA Product, as a purported generic version of Hope's NDA Product, prior to the expiration of the '813 patent.

12. The First, Second, and Third Accord Notice Letters acknowledged that the Reference Listed Drug for Accord's ANDA is Hope's NDA Product.

13. By filing the ANDA, Defendant has represented to the FDA that Accord's ANDA Product is bioequivalent to Hope's NDA Product.

14. The Third Accord Notice Letter also notified Plaintiff that, as part of Accord's ANDA, Defendant had filed a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), with respect to the '813 patent.

15. On information and belief, Defendant submitted Accord's ANDA to the FDA containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '813 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product.

16. On information and belief, Defendant, through its own actions and through the actions of its agents, affiliates, and subsidiaries, prepared and submitted Accord's ANDA, and intends to further prosecute Accord's ANDA. On information and belief, if the FDA approves Accord's ANDA, Defendant will manufacture, distribute, promote, market, use, offer for sale, or

sell the Accord ANDA Product within the United States, or will import the Accord ANDA Product into the United States. On information and belief, if the FDA approves Accord's ANDA, Defendant, through its own actions and through the actions of its agents, affiliates, and subsidiaries, will actively induce or contribute to the manufacture, distribution, promotion, marketing, use, offer for sale, sale, or importation of the Accord ANDA Product in or into the United States.

17. Plaintiff brought this action within forty-five days of receipt of the Third Accord Notice Letter.

## JURISDICTION AND VENUE

18. Plaintiff incorporates each of the preceding paragraphs 1–17 as if fully set forth herein.

19. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, including 35 U.S.C. § 271(e)(2). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

20. Venue is proper in this Court because, among other things, Accord, through its counsel, has consented to venue in Delaware for purposes of this action, prior to the filing of this Complaint.

21. Accord is subject to personal jurisdiction in this Court because, among other things, Accord, through its counsel, has consented to personal jurisdiction in Delaware for purposes of this action, prior to the filing of this Complaint.

22. Moreover, Defendant has litigated previous Hatch-Waxman patent infringement disputes in the District of Delaware and/or has consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of ANDAs. *See, e.g.*, *Purdue Pharma LP et al. v. Accord Healthcare Inc. et al.*, C.A. No. 22-913 (D. Del.), D.I. 1 ¶¶ 17–18; *Eagle Pharms. Inc. v. Accord*

*Healthcare Inc. et al.*, C.A. No. 22-704 (D. Del.), D.I. 11 ¶¶ 13–28; *Otsuka Pharm. Co. et al. v. Accord Healthcare, Inc.*, C.A. No. 19-1987-LPS (D. Del.), D.I. 9 ¶¶ 8, 9, 13; *Novartis Pharms. Corp. v. Accord Healthcare, Inc. et al.*, C.A. No. 18-1043-LPS (D. Del.), D.I. 46 ¶¶ 11–13, 216–221; *Biogen Int'l GmbH et al. v. Accord Healthcare Inc.*, C.A. No. 17-872-LPS (D. Del.), D.I. 8 ¶¶ 1 [*sic*], 3 [*sic*]; *Purdue Pharma LP et al. v. Accord Healthcare Inc. et al.*, C.A. No. 20-1362-RGA (D. Del.), D.I. 14 ¶¶ 18–25; *Hope Medical Enterprises, Inc., d/b/a/ Hope Pharmaceuticals v. Accord Healthcare, Inc.*, C.A. No. 22-cv-978-JFM (D. Del.), D.I. 10 ¶ 18; D.I. 69 ¶ 18.

23. Defendant is subject to personal jurisdiction in Delaware because, among other things, Defendant has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being sued in this Court. On information and belief, Defendant develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

24. On information and belief, Defendant intends a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will continue to lead to foreseeable harm and injury to Hope in Delaware and this Judicial District.

25. Defendant has committed an act of infringement in this judicial district by filing ANDA No. 217214 with the intent to make, use, sell, offer for sale, and/or import the Accord ANDA Product in or into this judicial district, prior to the expiration of the '813 patent.

26. Defendant has taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of the Accord ANDA Product, that will be purposefully directed at Delaware and elsewhere in the United States.

27. On information and belief, Defendant has systematic and continuous contacts with Delaware; has established distribution channels for drug products in Delaware; regularly and continuously conducts business in Delaware, including by selling drug products in Delaware, either directly or indirectly through its subsidiaries, agents, or affiliates; has purposefully availed itself of the privilege of doing business in Delaware; and derives substantial revenue from the sale of drug products in Delaware.

28. On information and belief, if Accord's ANDA is approved, Defendant will manufacture, market, promote, sell, offer for sale, import, use and/or distribute the Accord ANDA Product within the United States, including in Delaware, consistent with Defendant's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Defendant regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Defendant's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, the Accord ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the '813 patent in the event that the Accord ANDA Product is approved before the '813 patent expires.

29. On information and belief, Defendant derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by Defendant and/or for which Defendant is the named applicant on approved

ANDAs. On information and belief, various products for which Defendant is the named applicant on approved ANDAs are available at hospital and/or retail pharmacies in Delaware.

30. On information and belief, Defendant has consented to (or not contested) personal jurisdiction in this Judicial District in one or more prior cases arising out of the filing of ANDAs, and/or has filed counterclaims in such cases. *See, e.g.*, *Purdue Pharma LP et al. v. Accord Healthcare Inc. et al.*, C.A. No. 22-913 (D. Del.), D.I. 1 ¶¶ 17–18; *Eagle Pharms. Inc. v. Accord Healthcare Inc. et al.*, C.A. No. 22-704 (D. Del.), D.I. 11 ¶¶ 13–28; *Otsuka Pharm. Co. et al. v. Accord Healthcare, Inc.*, C.A. No. 19-1987-LPS (D. Del.), D.I. 9 ¶¶ 8, 9, 13; *Novartis Pharms. Corp. v. Accord Healthcare, Inc. et al.*, C.A. No. 18-1043-LPS (D. Del.), D.I. 46 ¶¶ 11–13, 216–221; *Biogen Int'l GmbH et al. v. Accord Healthcare Inc.*, C.A. No. 17-872-LPS (D. Del.), D.I. 8 ¶¶ 1 [*sic*], 3 [*sic*]; *Purdue Pharma LP et al. v. Accord Healthcare Inc. et al.*, C.A. No. 20-1362-RGA (D. Del.), D.I. 14 ¶¶ 18–25; *Hope Medical Enterprises, Inc., d/b/a/ Hope Pharmaceuticals v. Accord Healthcare, Inc.*, C.A. No. 22-cv-978-JFM (D. Del.), D.I. 10 ¶ 18; D.I. 69 ¶ 18.

31. On information and belief, Defendant and Intas work in privity and/or concert either directly or indirectly through one or more of their wholly owned subsidiaries with respect to the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products throughout the United States, including in this Judicial District.

32. On information and belief, each of the Defendant and Intas participated, directly or indirectly, in the preparation and/or submission of Accord's ANDA. On information and belief, Defendant and Intas will work in privity and/or concert with each other and/or other related entities towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including Accord's ANDA Product,

throughout the United States, including in Delaware and in this Judicial District, prior to the expiration of the '813 patent.

33. On information and belief, Intas intends to benefit directly if Accord's ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of Accord's ANDA.

34. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

35. On information and belief, Defendant has consented to (or not contested) venue in this Judicial District in one or more prior cases arising out of the filing of ANDAs, and/or has filed counterclaims in such cases. *See, e.g.*, *Purdue Pharma LP et al. v. Accord Healthcare Inc. et al.*, C.A. No. 22-913 (D. Del.), D.I. 1 ¶¶ 17–18; *Eagle Pharms. Inc. v. Accord Healthcare Inc. et al.*, C.A. No. 22-704 (D. Del.), D.I. 11 ¶¶ 13–28; *Otsuka Pharm. Co. et al. v. Accord Healthcare, Inc.*, C.A. No. 19-1987-LPS (D. Del.), D.I. 9 ¶¶ 8, 9, 13; *Novartis Pharms. Corp. v. Accord Healthcare, Inc. et al.*, C.A. No. 18-1043-LPS (D. Del.), D.I. 46 ¶¶ 11–13, 216–221; *Biogen Int'l GmbH et al. v. Accord Healthcare Inc.*, C.A. No. 17-872-LPS (D. Del.), D.I. 8 ¶¶ 1 [*sic*], 3 [*sic*]; *Purdue Pharma LP et al. v. Accord Healthcare Inc. et al.*, C.A. No. 20-1362-RGA (D. Del.), D.I. 14 ¶¶ 18–25; *Hope Medical Enterprises, Inc., d/b/a/ Hope Pharmaceuticals v. Accord Healthcare, Inc.*, C.A. No. 22-cv-978-JFM (D. Del.), D.I. 10 ¶ 18; D.I. 69 ¶ 18.

### **THE '813 PATENT**

36. The '813 patent, titled "Sodium Thiosulfate-Containing Pharmaceutical Compositions" was duly and legally issued on May 20, 2025 (attached as Exhibit A). Plaintiff Hope is the owner of all right, title, and interest in, and has all the rights to enforce, the '813 patent.

37. The '813 patent is listed in the Orange Book in conjunction with Hope's NDA Product.

## COUNT I – INFRINGEMENT OF THE '813 PATENT

38. Plaintiff incorporates each of the preceding paragraphs 1–37 as if fully set forth herein.

39. Defendant's submission of Accord's ANDA, with the accompanying Paragraph IV Certification and notice to Hope of same, to engage in the commercial manufacture, sale, offer for sale, or importation into the United States of Accord's ANDA Product, prior to the expiration of the '813 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A) by Defendant.

40. There is a justiciable controversy between the parties hereto as to the infringement of the '813 patent.

41. Unless enjoined by this Court, upon FDA approval of Accord's ANDA, Defendant will infringe one or more claims of the '813 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Accord's ANDA Product in the United States.

42. Unless enjoined by this Court, upon FDA approval of Accord's ANDA, Defendant will induce infringement of one or more claims of the '813 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Accord's ANDA Product in the United States. On information and belief, upon FDA approval of Accord's ANDA, Defendant will intentionally encourage acts of direct infringement with knowledge of the '813 patent and knowledge that its acts are encouraging infringement.

43. Unless enjoined by this Court, upon FDA approval of Accord's ANDA, Defendant will contributorily infringe one or more claims of the '813 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Accord's ANDA Product in the United States. On information and belief, Defendant has had and continues to have knowledge that

Accord's ANDA Product is especially adapted for a use that infringes one or more claims of the '813 patent and that there is no substantial non-infringing use for Accord's ANDA Product.

44. Plaintiff will be substantially and irreparably damaged and harmed if Defendant's infringement of the '813 patent is not enjoined.

45. Plaintiff does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hope respectfully requests the following relief:

(a) A Judgment that Defendant has infringed the '813 patent by submitting ANDA No. 217214 with the accompanying Paragraph IV Certification and notice to Hope of same;

(b) A Judgment that Defendant has infringed, and that Defendant's making, using, selling, offering to sell, or importing Accord's ANDA Product would infringe one or more claims of the '813 patent;

(c) An Order that the effective date of FDA approval of ANDA No. 217214 be a date which is not earlier than the later of the expiration of the '813 patent, or any later expiration of exclusivity to which Hope is or becomes entitled;

(d) Preliminary and permanent injunctions enjoining Defendant and its officers, agents, attorneys and employees, and those acting in privity and/or concert with Defendant, from making, using, offering to sell, selling, or importing Accord's ANDA Product until after the expiration of the '813 patent, or any later expiration of exclusivity to which Hope is or becomes entitled;

(e) A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendant, its officers, agents, attorneys and employees, and those acting in privity and/or concert with Defendant, from practicing the '813 patent, or from actively inducing or contributing to the infringement of any claim of the '813 patent, until after the expiration of the '813 patent, or any later expiration of exclusivity to which Hope is or becomes entitled;

(f)     A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Accord's ANDA Product would directly infringe, induce and/or contribute to infringement of the '813 patent;

(g)     To the extent that Defendant, its officers, agents, attorneys and/or employees, or those acting in privity and/or concert with Defendant, have committed any acts of infringement of the '813 patent, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Hope damages for such acts;

(h)     If Defendant, its officers, agents, attorneys and/or employees, or those acting in privity and/or concert with Defendant, engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Accord's ANDA Product prior to the expiration of the '813 patent, a Judgment awarding damages to Hope resulting from such infringement, together with interest;

(i)     A Judgment declaring that the '813 patent remains valid and enforceable;

(j)     A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Hope its attorneys' fees incurred in this action;

(k)     A Judgment awarding Hope its costs and expenses incurred in this action; and

(l)     Such further and other relief as this Court may deem just and proper.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | */s/ John G. Day* |
| *Of Counsel:* | _____ |
| | John G. Day (#2403) |
| Matthew J. Hertko | Andrew C. Mayo (#5207) |
| Collin J. Kurtenbach | 500 Delaware Avenue, 8th Floor |
| JONES DAY | P.O. Box 1150 |
| 110 North Wacker Drive, Suite 4800 | Wilmington, DE 19899 |
| Chicago, IL 60606 | Tel: (302) 654-1888 |
| (312) 782-3939 | jday@ashbygeddes.com |
| mhertko@jonesday.com | amayo@ashbygeddes.com |
| ckurtenbach@jonesday.com | |
| | *Attorneys for Hope Medical Enterprises, Inc.* |
| Anthony M. Insogna | *d/b/a Hope Pharmaceuticals* |
| S. Christian Platt | |
| JONES DAY | |
| 4655 Executive Drive, Suite 1500 | |
| San Diego, CA 92121-3134 | |
| (858) 314-1200 | |
| aminsogna@jonesday.com | |
| cplatt@jonesday.com | |

Dated:  July 10, 2025